UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL  GILLILAND, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | 1:14-cv-02054-SEB-DKL |
| | ) | |
| FIFTH  THIRD  MORTGAGE  COMPANY | ) | |
| Creditor, | ) | |
| | ) | |
| Appellee. | ) | |

---

| | | |
|---|---|---|
| MICHAEL  GILLILAND, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | 1:14-cv-02055-SEB-DKL |
| | ) | |
| FIFTH THIRD MORTGAGE COMPANY, | ) | |
| FIFTH THIRD BANK, | ) | |
| GREGORY A. PURVIS, | ) | |
| SPANGLER JENNINGS DOUGHERTY, | ) | |
| PC, | ) | |
| | ) | |
| Appellees. | ) | |

**ORDER GRANTING APPELLANT'S MOTION TO CONSOLIDATE AND
AFFIRMING THE RULINGS OF THE BANKRUPTCY COURT**

Appellant Michael Gilliland, proceeding *pro se*, filed this bankruptcy appeal
challenging the Bankruptcy Court's December 3, 2014 order denying his motion for
relief from judgment dismissing his Chapter 13 bankruptcy case.  Mr. Gilliland has also
filed a related appeal, Cause No. 1:14-cv-2055-SEB-DKL, challenging the Bankruptcy

1

Court's order, also issued on December 3, 2014, denying his motion for relief from judgment dismissing an adversary proceeding filed in relation to his Chapter 13 bankruptcy case.  On April 28, 2015, Mr. Gilliland moved to consolidate these two appeals.  Before addressing the merits of Mr. Gilliland's appeals, we turn first to address his motion to consolidate.

## Motion to Consolidate

The Court, having considered Plaintiff's Motion to Consolidate [Docket No. 21], and being duly advised in the premises, now finds that the motion should be GRANTED.

It is therefore ORDERED that: *Michael Gilliland v. Fifth Third Mortgage Company*, *Gregory A. Purvis, and Spangler Jennings Dougherty PC*, Cause No. 1:14-cv-02055-SEB-DKL is hereby consolidated with this cause, *Michael Gilliland v. Fifth Third Mortgage Company*, Cause No. 1:14-cv-02054-SEB-DKL for all purposes.

The Clerk is ordered to consolidate Case No. 1:14-cv-02055-SEB-DKL with Cause No. 1:14-cv-02054-SEB-DKL.

The Clerk shall administratively close Case No. 1:14-cv-02055-SEB-DKL.  All future filings shall be made under Case No. 1:14-cv-02054-SEB-DKL.

Having ordered these appeals consolidated, we now turn to the merits.

## Factual and Procedural Background

**The Foreclosure Case**

Appellee Fifth Third Mortgage Company ("Fifth Third") filed a foreclosure action against Mr. Gilliland on July 18, 2011, in Union Circuit Court, Case No. 81Co1-1107-MF-140 ("the Foreclosure").  On July 8, 2013, the trial court entered judgment in favor of Fifth Third on both Fifth Third's complaint and Mr. Gilliland's counterclaims.  Mr. Gilliland appealed that decision to the Indiana Court of Appeals in Case No. 81A01-1307-MF-00314 ("the Foreclosure Appeal").  The Indiana Court of Appeals ruled in Fifth Third's favor in the Foreclosure Appeal, entering an order affirming the trial court on March 20, 2014.

**The Bankruptcy Case and Adversary Proceedings**

After a sheriff's sale was scheduled in the Foreclosure, Mr. Gilliland filed a Chapter 13 bankruptcy case, *pro se*, on July 31, 2014.  He subsequently filed two adversary proceedings in connection with his bankruptcy.  In the first adversary proceeding, Mr. Gilliland named Fifth Third and its attorneys, Gregory A. Purvis and the law firm of Spangler, Jennings & Dougherty, P.C., as defendants, alleging, *inter alia*, claims for fraud, unlawful foreclosure, breach of contract, and violations of the Fair Credit Reporting Act.  In the second adversary proceeding, Mr. Gilliland sought to remove the Foreclosure from Union Circuit Court to the Bankruptcy Court.  It is the Chapter 13 case and the first adversary proceeding that are the subjects of this appeal.[1]

---

[1] Mr. Gilliland also filed an appeal in this Court related to the second adversary proceeding, Cause No. 1:14-cv-2056-SEB-DKL.  However, that appeal has since been dismissed for failure to prosecute.

On September 30, 2014, the Trustee, Robert Brothers, moved to dismiss Mr. Gilliland's Chapter 13 case on the grounds that Gilliland had failed to timely maintain plan payments to the Trustee.  A few days later, on October 3, 2014, Fifth Third filed its motion to dismiss the Chapter 13 case, arguing, among other things, that Mr. Gilliland was not eligible to be a debtor in Chapter 13 because he had no income.[2]  The Bankruptcy Court set the motions to dismiss for hearing on November 18, 2014.

On November 17, 2014, the day before the hearing on the motions to dismiss, Mr. Gilliland filed a Motion for Mandatory Withdrawal of Reference in the Bankruptcy Court, seeking to have his entire bankruptcy case removed to the United States District Court, pursuant to 28 U.S.C. § 157(d), because, *inter alia*, the proceedings "consist of core and non-core causes of action[] which require the consideration of both Title 11 and other laws of the United States which require this court to Withdraw the Reference for resolution of the causes of action under federal law, and the Constitution of the United States."  Dkt. No. 16 at 139.  Mr. Gilliland did not file a motion to stay the proceedings in the Bankruptcy Court pending a ruling on his motion to withdraw nor did he file similar motions to withdraw or motions to stay in either of the adversary proceedings.

The next day, on November 18, 2014, the Bankruptcy Court dismissed the Chapter 13 case from the bench during its hearing on the motions to dismiss, and barred Mr. Gilliland from refiling his case for 180 days, on the grounds that Mr. Gilliland was down

---

[2] 11 U.S.C. § 109(e) provides in relevant part: "Only an individual with regular income … may be a debtor under chapter 13 of this title."

4

in plan payments, was currently unemployed, and thus, had no income.  Two days later, on November 20, 2014, the Bankruptcy Court dismissed without prejudice both of Mr. Gilliland's adversary proceedings, based on the fact that the underlying bankruptcy case had been dismissed.

On November 26, 2014, Mr. Gilliland sought relief from the Bankruptcy Court's orders of dismissal of the Chapter 13 case, arguing that his Motion to Withdraw was not explicitly ruled upon before his case was dismissed.  On December 1, 2014, Mr. Gilliland filed essentially identical motions for relief from judgment as to the dismissals of both adversary proceedings.  On December 3, 2014, the Bankruptcy Court denied Mr. Gilliland's motion in the Chapter 13 case, on the grounds that: (1) the Motion to Withdraw was not filed in compliance with B-5011-1; (2) Mr. Gilliland did not seek a stay pending a decision on the Motion to Withdraw; and (3) the bankruptcy case was already dismissed so there was nothing from which the District Court could withdraw its reference to the Bankruptcy Court.

That same day, the Bankruptcy Court issued similar orders denying Mr. Gilliland's motions for relief from the dismissal of his adversary proceedings, on the grounds that he had not filed a motion to withdraw in the adversary proceedings and, even if he had, he failed to request a stay of proceedings pending disposition of any such motion.  Because the bankruptcy case and the adversary proceedings had been dismissed, the Bankruptcy Court concluded that there was nothing from which the District Court could withdraw its reference and accordingly denied Mr. Gilliland's motion.

**The Instant Litigation**

On December 16, 2015, Mr. Gilliland has filed separate appeals in this Court directed toward the Bankruptcy Court's December 3, 2014 Orders denying his motion for relief from judgment in the Chapter 13 case and in the first adversary proceeding.  Since these appeals were filed, this case has become a procedural thicket, marked by numerous, intertwining issues and difficulties, including Mr. Gilliland's apparent failure to receive notification of various filings on the docket and his failure to timely file – or even to file at all – his appellant's briefs.  Because Mr. Gilliland is proceeding *pro se*, however, we have exercised patience in giving him the benefit of the doubt regarding his various procedural bobbles and fits and starts, as recounted below.

On February 19, 2015, Mr. Gilliland moved in both of his appeals for a 28-day extension of time within which to file his initial Appellant's brief and appendix.  In his appeal of the underlying Chapter 13 case, the Court denied Mr. Gilliland's motion on March 12, 2015, in part because no notice of the transmission or availability of the bankruptcy court record had been docketed at the time Mr. Gilliland filed his motion, which meant that he did not then have a deadline to extend, given that Federal Rule of Bankruptcy Procedure 8018(a)(1) provides that an appellant's opening brief is due "within 30 days after the docketing of notice that the record has been transmitted or is available electronically."

In the appeal of the adversary proceeding, the Court granted Mr. Gilliland's motion for extension of time on April 17, 2015, ordering him to file his appellant's brief

no later than April 27, 2015.  The Court further stated that, in light of the additional days he was being afforded beyond the original deadline he had requested, he should not expect any further extensions of time.

The bankruptcy record was docketed in the Chapter 13 appeal on March 11, 2015, one day before the Court's order denying Mr. Gilliland's extension of time was docketed and while it was in process.  Accordingly, Mr. Gilliland's appellant's brief was due on April 10, 2015.  Mr. Gilliland did not file a brief on that date.  On April 17, 2015, the Court ordered Mr. Gilliland to show cause no later than April 29, 2015 why the case should not be dismissed for failure to prosecute.  As discussed above, on April 28, 2015, Mr. Gilliland filed in both causes a Motion to Consolidate his Chapter 13 appeal with his appeal related to the adversary proceeding.

That same day (April 28th), in the Chapter 13 appeal, Mr. Gilliland filed a return to the show cause order as well as his appellant's brief.  However, he did not file an appellant's brief in the adversary proceeding appeal.  In the Chapter 13 appeal, Fifth Third filed its appellee's brief on May 27, 2015, and Mr. Gilliland filed his reply brief (with leave from the Court) on August 5, 2015.

In the adversary proceeding appeal, on May 22, 2015, Appellees Gregory A. Purvis and Spangler Jennings Dougherty, PC filed their Motion to Dismiss Bankruptcy Appeal, which was joined by Appellee Fifth Third on July 6, 2015.  In their motion to dismiss, Appellees argue that Mr. Gilliland's appeal should be dismissed because: (1) he failed to file a notice of appeal that conformed with the Official Form within the 14-day

7

time period to do so pursuant to Rule 8002(a)(1), Fed. R. Bankr. P.; (2) he failed to

timely pay the filing fee within the 14-day period provided under Rule 8002(a)(1); and

(3) he failed to file his appellant's brief.

Mr. Gilliland responded to the motion to dismiss the adversary proceeding appeal

on June 4, 2015, claiming that he complied fully with the Bankruptcy Court's January 6,

2015 order instructing him to file separate notices of appeal and filing fees for the

dismissed bankruptcy case and attached adversary proceedings. He further argued that,

on April 27, 2015, he filed via Federal Express his motion to consolidate this appeal with

Cause No. 1:14-cv-2054-SEB-DKL, and that same day, filed his appellant's brief for

both cases. Apparently, Mr. Gilliland intended that the same appellant's brief be

docketed in both appeals. It is undisputed, however, that the appellant's brief Mr.

Gilliland filed in the Chapter 13 appeal does not contain the cause number of the

adversary proceeding appeal, and thus, was not docketed in Cause No. 1:14-cv-2055-

SEB-DKL. Accordingly, while Fifth Third had an opportunity to respond to Mr.

Gilliland's appellant's brief in the Chapter 13 case, Appellees Gregory A. Purvis and

Spangler Jennings Dougherty, PC have had no opportunity to respond to the merits of

Mr. Gilliland's appeal.

Upon careful review of the record, we believe that, despite all of the procedural

confusion, the issues presented in Mr. Gilliland's appeals can be collectively and fairly

addressed and ruled upon without requiring further briefing on the merits.

## **Legal Analysis**

## I.     Show Cause Order

As discussed above, on April 17, 2015, the Court ordered Mr. Gilliland to show cause by April 29, 2015 why his Chapter 13 appeal should not be dismissed for lack of prosecution.  Mr. Gilliland responded to the show cause order on April 28, 2015, stating that he never received notice of the entry of the bankruptcy record, so he was not aware of his deadline.  On that same day, Mr. Gilliland filed his motion to consolidate, as well as his appellant's brief.  Although Mr. Gilliland is proceeding *pro se*, it is nonetheless still his responsibility to regularly check the docket.  However, because we have previously found in this case that Mr. Gilliland likely did not receive service of at least one other document, and there is nothing on the docket – either an entry or receipt – to show that notice of the bankruptcy record filing was sent to him, we find that Mr. Gilliland has provided a reasonable excuse for missing his deadline.  Moreover, Fifth Third has not filed any opposition to Mr. Gilliland's return to the show cause order.  Accordingly, there is insufficient reason to dismiss his appeal on the grounds that he failed to file his appellant's brief by the deadline, and the show cause order is therefore hereby <u>DISCHARGED</u>.  We construe Mr. Gilliland's return to the show cause order as a request to accept his appellant's brief out-of-time, which we grant.

## II.    Standard of Review

We review the Bankruptcy Court's dismissal of Mr. Gilliland's adversary proceeding and denial of his motion for relief from judgment for an abuse of discretion. *See In re United Airlines, Inc.*, 318 Fed. App'x 429, 431 (7th Cir. 2009) (citations

9

omitted); *In re Dye*, 448 Fed. App'x 625 (7th Cir. 2011).  An abuse of discretion occurs

when a decision is "premised on an incorrect legal principle or a clearly erroneous factual

finding, or when the record contains no evidence on which the court rationally could have

relied."  *Wiese v. Community Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009)

(internal quotation marks and citation omitted).

## III.  Bankruptcy Court's Orders Related to Chapter 13 Case

We turn next to address the Bankruptcy Court's December 3, 2014 order denying

Mr. Gilliland's motion for relief from judgment dismissing his Chapter 13 case.  Mr.

Gilliland argues that the Bankruptcy Court abused its discretion by dismissing his

Chapter 13 case while his Motion to Withdraw was pending because the Bankruptcy

Court "was required to wait on instructions from the District [C]ourt rather than hastily

dismiss the case."  Dkt. No. 23 at 18.  However, as the Bankruptcy Court recognized,

Rule B-5011-1, which addresses withdrawals of reference, explicitly provides that: "The

filing of a motion to withdraw the reference … does not stay the proceedings in the

Bankruptcy Court.  Fed.R.Bankr.P. 8005 governs requests for a stay pending decision on

withdrawal of reference."  Local Rule B-5011-1(c).  Mr. Gilliland did not file a motion

pursuant to Fed.R.Bankr.P. 8005 to stay the Chapter 13 proceedings pending a ruling on

his motion to withdraw.  Accordingly, the Bankruptcy Court did not abuse its discretion

by ruling on Fifth Third's motion to dismiss while Mr. Gilliland's motion to withdraw

was pending.  As the Bankruptcy Court correctly noted in denying Mr. Gilliland's motion

for relief from judgment, once the Chapter 13 case was dismissed, there was nothing

from which we, the District Court, could have withdrawn our reference.  Thus, there were

no valid grounds to grant Mr. Gilliland's motion for relief from judgment.  For these

reasons, we hold that the Bankruptcy Court did not abuse its discretion in denying that

motion.

Nor has Mr. Gilliland established any other basis for concluding that the

Bankruptcy Court abused its discretion in dismissing his Chapter 13 case.  Before

addressing the parties' arguments as to the propriety of the dismissal itself, we note that,

based on Mr. Gilliland's notice of appeal and record designation in this case, it appears

that he has placed only the Bankruptcy Court's December 3, 2014 denial of his motion

for relief from dismissal, and not the November 18, 2014 Order actually dismissing the

Chapter 13 case, before this Court on appeal.[3]  However, even assuming that Mr.

Gilliland properly challenged the November 18, 2014 Order, he has failed to establish an

abuse of discretion.  The Bankruptcy Court's dismissal of the Chapter 13 case, premised

as it was on Mr. Gilliland's failure to make the required payments and lacking funds to

make future payments, as reflected in the Trustee's and Fifth Third's motions to dismiss,

was well-founded.

Mr. Gilliland contends that the Bankruptcy Court erred in failing to immediately

remove his entire bankruptcy case to the District Court after he had filed his Motion to

---

[3] The same is true with regard to the orders issued by the Bankruptcy Court dismissing Mr.
Gilliland's adversary proceeding and denying his motion for relief from judgment.  Although he
may have properly appealed only the Bankruptcy Court's December 3, 2014 Order denying his
motion for relief from judgment dismissing the adversary proceeding, we also address the
Bankruptcy Court's November 20, 2014 dismissal order in our analysis below.

Withdraw.  However, as previously discussed, the Bankruptcy Court did not err by ruling on the motions to dismiss while the motion to withdraw was pending.

Mr. Gilliland also argues that the Bankruptcy Court abused its discretion by ordering dismissal without entering findings of fact.  However, Federal Rule of Civil Procedure 52, made pertinent to bankruptcy proceedings under Federal Rule of Bankruptcy Procedure 7052, provides that "[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion."  Thus, "[i]t is totally within the discretion of bankruptcy judges as to whether they wish to make any specific findings of fact and/or conclusions of law, or wish to issue any directive except an order unaccompanied by any explanation whatsoever, in deciding any [m]otion except a [m]otion for voluntary dismissal." *In re Campfire Shop, Inc.*, 71 B.R. 521, 524-25 (Bankr. E.D. Pa. 1987).  Accordingly, the Bankruptcy Court did not err in failing to make findings of fact in its order granting Fifth Third's motion to dismiss.

It was also not error for the Bankruptcy Court to have failed to make an explicit ruling on Mr. Gilliland's Motion to Strike Fifth Third's Motion to Dismiss before dismissing the case.  As Fifth Third argues, when a court dismisses a case while motions are pending as the Bankruptcy Court did here, it is deemed to implicitly overrule any pending motions.  *See, e.g.*, *Elliot v. Folino*, No. 07-289, 2007 WL 1545558, at *1 (W.D. Pa. May 29, 2007) (explaining that an order granting defendant's motion to dismiss without addressing the plaintiff's pending motions operated to deny such pending

motions).  Mr. Gilliland's motion to strike alleged that he was not served with a copy of

Fifth Third's motion to dismiss and that it was "a sham and fraud upon the court in an

attempt to avoid illegal activity."  Motion to Strike at 2.  However, Mr. Gilliland's

motion to strike indicates that he was in fact aware of the motion to dismiss, which

negates his contention that he did not receive notice.  Nor was there any other basis to

strike Fifth Third's motion to dismiss as it merely informed the Bankruptcy Court as to

the status of the foreclosure and Mr. Gilliland's history of bankruptcy filings, and

requested that the Chapter 13 case be dismissed because Mr. Gilliland lacked any income

and thus could not put forth a confirmable Chapter 13 plan.  Accordingly, the Bankruptcy

Court's failure to explicitly rule on Mr. Gilliland's motion to strike was not an abuse of

discretion.

## IV.    Bankruptcy Court's Orders Related to Adversary Proceeding[4]

The Bankruptcy Court also did not abuse its discretion when it dismissed Mr.

Gilliland's adversary proceeding and subsequently denied his motion for relief from that

dismissal.  It is well-settled that "bankruptcy judges have discretion to dismiss an

adversary proceeding after the underlying bankruptcy case has ended."  *Dye*, 448 Fed.

App'x at 628-29.  Here, the Bankruptcy Court had dismissed Mr. Gilliland's Chapter 13

---

[4] As discussed above, Appellees have moved to dismiss Mr. Gilliland's appeal related to the
adversary proceeding on procedural grounds.  However, because, for the reasons detailed herein,
we affirm the Bankruptcy Court's orders related to the adversary proceeding on the merits, we
need not address the alleged procedural reasons for dismissing Mr. Gilliland's appeal.  We also
note that, although Appellees Gregory A. Purvis and Spangler Jennings Dougherty, PC did not
have an opportunity to respond to Mr. Gilliland's Appellant's brief, there is no prejudice to them
as the appeal is being resolved in their favor.

case two days before dismissing the adversary proceeding at issue in this appeal.  For the reasons discussed above, we affirm the Bankruptcy Court's dismissal of Mr. Gilliland's Chapter 13 case and denial of his motion for relief from that judgment.  Accordingly, the only question is whether the Bankruptcy Court improperly exercised its discretion in dismissing Mr. Gilliland's adversary proceeding once the underlying bankruptcy case was properly dismissed.

In determining whether to dismiss an adversary proceeding after the underlying bankruptcy case has been dismissed, "the bankruptcy court will look at whether the adversary proceeding is closely related to the bankruptcy." *Id.* at 629 (citations omitted). Here, Mr. Gilliland's adversary proceeding alleged a number of state law claims, including, *inter alia*, fraud, breach of contract, malicious prosecution, as well as a Fair Credit Reporting Act claim under federal law, all stemming from Appellee's alleged actions during the foreclosure proceedings described above.[5]  Once the underlying Chapter 13 case was dismissed, there was no longer an estate or creditors with an interest in any recovery Mr. Gilliland may have procured against Appellees.  Given that Mr. Gilliland's dispute with Appellees "had no remaining ties to bankruptcy law," *id.*, the Bankruptcy Court did not abuse its discretion by dismissing the adversary proceeding without prejudice in order to allow Mr. Gilliland to file the claims elsewhere if he so chose.

---

[5] We note that most of the claims alleged in Mr. Gilliland's adversary proceeding appear to be attempts to relitigate issues already decided and affirmed on appeal in state court.

Nor did the Bankruptcy Court abuse its discretion in denying Mr. Gilliland's motion for relief from judgment while his motion to withdraw the underlying Chapter 13 case was still pending.  As the Bankruptcy Court pointed out, Mr. Gilliland had not filed a motion to withdraw in the adversary proceeding and, even if he had, he did not request a stay of the bankruptcy proceedings until any such motion was ruled upon.  As discussed above, Rule B-5011-1, which addresses withdrawals of reference, explicitly provides that: "The filing of a motion to withdraw the reference … does not stay the proceedings in the Bankruptcy Court.  Fed.R.Bankr.P. 8005 governs requests for a stay pending decision on withdrawal of reference."  Local Rule B-5011-1(c).  Accordingly, the Bankruptcy Court did not abuse its discretion by dismissing his adversary proceeding without first ruling on his motion to withdraw filed in the Chapter 13 case.  As the Bankruptcy Court correctly noted in denying Mr. Gilliland's motion for relief from judgment, once the Chapter 13 case and the adversary proceeding were dismissed, there was nothing from which we, the District Court, could have withdrawn our reference.  Thus, there were no valid grounds to grant Mr. Gilliland's motion for relief from judgment.

**V.     Conclusion**

For the reasons detailed above, we <u>GRANT</u> Mr. Gilliland's motion to consolidate Cause Nos. 1:14-cv-2054-SEB-DKL and 1:14-cv-2055-SEB-DKL.  Upon careful review of the record and the parties' submissions, we hold that the Bankruptcy Court did not abuse its discretion in dismissing Mr. Gilliland's Chapter 13 bankruptcy case and related

adversary proceeding or in denying Mr. Gilliland's motions for relief from judgment as to those dismissals. Therefore, the Bankruptcy Court's rulings are <u>AFFIRMED</u>. Final judgment shall issue accordingly. All other pending motions are hereby denied as moot.

      IT IS SO ORDERED.

Date: _____09/30/2015_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:


MICHAEL  GILLILAND
3448 West Old Brownsville Road
Liberty, IN 47353

Nathan Hugh Blaske
GRAYDON HEAD & RITCHEY LLP
nblaske@graydon.com

Jeffrey Joseph Hanneken
GRAYDON HEAD RITCHEY (Cincinnati)
jhanneken@graydon.com

Gregory A. Purvis
SPANGLER JENNINGS & DOUGHERTY PC
gpurvis@sjdlaw.com